Affirmed and Memorandum Opinion filed December 2, 2004









Affirmed and Memorandum Opinion filed December 2,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00968-CV

____________

 

MARIE JOHNSON,
Individually and a/n/f of SHAZA L. MADISON, Deceased, Appellant

 

V.

 

TRANSPLANTATION
RESEARCH FOUNDATION, Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 02-58329

 



 

M E M O R A N D U M   O P I N I O N








Marie Johnson appeals the summary judgment
granted in favor of Transplantation Research Foundation (ATRF@).  Johnson brought suit against TRF for
negligence alleging that TRF had harvested dura mater tissue from her deceased
daughter=s corpse without Johnson=s consent.  TRF filed a traditional and no-evidence
motion for summary judgment contending (1) it committed no medical malpractice
and breached no duty of a health care provider because it is not a health care provider,
(2) it committed no common law negligence because there is no evidence it
harvested tissue from Johnson=s daughter, (3)
Johnson sustained no damages, and (4) the negligence claims are barred by
limitations.  We affirm.

The summary judgment record shows that
Johnson=s daughter, Shaza
Madison, died on August 30, 2000, after sustaining injuries in an automobile
accident.  TRF is a non-profit
organization that provides donated dura mater tissue as graft tissue for
surgical repair of patients with severe neurological diseases.  Johnson claims she learned that her daughter=s dura mater
tissue had been harvested when she received a phone call from an unidentified
TRF employee thanking her for the tissue donation.  Johnson contends she never gave consent for
TRF to take her daughter=s tissue.

Where, as here, the order granting summary
judgment does not specify the particular grounds on which the trial court
relied, appellant must defeat each of the possible grounds for summary judgment
presented in the motion.  Tate v.
Goins, Underkofler, Crawford & Langdon, 24 S.W.3d 627, 632 (Tex. App.CDallas 2000, pet.
denied).  Thus, we must affirm the court=s judgment if any
of the summary judgment grounds is meritorious. 
Evans v. First Nat. Bank of Bellville, 946 S.W.2d 367, 377 (Tex.
App.CHouston [14th
Dist.] 1997, writ denied).

The standard of review for a traditional
summary judgment is well established: 
(i) the movant for summary judgment has the burden of showing there is
no genuine issue of material fact and is entitled to summary judgment as a
matter of law;  (ii) in deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non‑movant will be taken as true;  and (iii) every reasonable inference must be
indulged in favor of the non‑movant and any doubts resolved in its
favor.  Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548‑49 (Tex.1985).








On review of a no-evidence summary
judgment, we consider the evidence in the light most favorable to the
non-movant and disregard all evidence and inferences to the contrary.  Blan v. Ali, 7 S.W.3d 741, 747 (Tex.
App.CHouston [14th
Dist.] 1999, no pet.).  A no-evidence
summary judgment is properly granted if the respondent fails to bring forth
more than a scintilla of probative evidence to raise a genuine issue of
material fact as to an essential element of the respondent=s case.  Tex.
R. Civ. P. 166(a)(i); Specialty Retailers, Inc. v. Fuqua, 29
S.W.3d 140, 146 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  More than a
scintilla of evidence exists when the evidence rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions.  Isbell v. Ryan, 983 S.W.2d 335, 338
(Tex. App.CHouston [14th Dist.] 1998, no pet.).  Although the nonmoving party is not required
to marshal its proof, it must present evidence that raises a genuine fact issue
on the challenged elements.  Baty v.
ProTech Ins. Agency, 63 S.W.3d 841, 847 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).

To prevail on a cause of action for medical malpractice,
the cause must be brought against a physician or Ahealth care
provider.@  Tex. Civ. Prac. & Rem. Code Ann. ' 74.004(a) (Vernon
Supp 2004).  A Ahealth care
provider@ under the Medical
Liability Act means:

. . . any person, partnership,
professional association, corporation, facility, or institution duly licensed,
certified, registered, or chartered by the State of Texas to provide health
care, including:

(i) a registered nurse;

(ii) a dentist;

(iii) a podiatrist;

(iv) a pharmacist;

(v) a chiropractor;

(vi) an optometrist;  or

(vii) a health care institution.

(B) The term includes:

(i) an officer, director,
shareholder, member, partner, manager, owner, or affiliate of a health care
provider or physician;  and








(ii) an employee, independent contractor,
or agent of a health care provider or physician acting in the course and scope
of the employment or contractual relationship.

Tex. Civ. Prac. & Rem. Code Ann. ' 74.001(a)(12)
(Vernon Supp. 2004).  A Ahealth care
institution@ includes:

(A) an ambulatory surgical center;

(B) an assisted living facility
licensed under Chapter 247, Health and Safety Code;

(C) an emergency medical services
provider;

(D) a health services district
created under Chapter 287, Health and Safety Code;

(E) a home and community support
services agency;

(F) a hospice;

(G) a hospital;

(H) a hospital system;

(I) an intermediate care facility
for the mentally retarded or a home and community‑based services waiver
program for persons with mental retardation adopted in accordance with Section
1915(c) of the federal Social Security Act (42 U.S.C. Section 1396n), as
amended;

(J) a nursing home;  or

(K) an end stage renal disease facility
licensed under Section 251.011, Health and Safety Code.








Tex. Civ. Prac. & Rem.
Code Ann. ' 74.001(a)(11) (Vernon Supp. 2004).  Thus, by definition, TRF is neither a Ahealth care
provider@ nor a Ahealth care
institution.@ 
The summary judgment record reflects TRF is a non-profit organization
that accepts donated tissue from medical examiners and other persons for the
benefit of persons suffering from severe neurological disease.  TRF has no patients, performs no medical
procedures, and provides no health care. 
As such, it is analogous to a blood bank.  See J.K. and Susie L. Wadley Research
Institute and Blood Bank v. Beeson, 835 S.W.2d 689, 696 (Tex. App.CDallas 1992, writ
denied) (holding a blood bank does not provide medical or health care to the
blood transfusion recipient).  Because
TRF is not a health care provider, it is not amenable to suit for medical
malpractice.  Thus, a common law
negligence claim against TRF is governed by the normal two-year statute of
limitations set forth in Tex. Civ. Prac.
& Rem. Code Ann. ' 16.003 (Vernon
2002).  See Longoria v. United Blood
Services, 907 S.W.2d 605, 613 (Tex. App.CCorpus Christi
1995), rev=d on other grounds, 938 S.W.2d 29 (Tex.
1997) (holding suit against blood bank governed by normal two-year statute of
limitations).  Here, appellant=s cause of action
was filed more than two years after she claims to have received a phone call
allegedly thanking her for the donation of tissue.

Further, to prevail on a cause of action
for negligence, the plaintiff must satisfy three elements: (1) a legal duty
owed by the defendant to the plaintiff; (2) breach of that duty; and (3)
damages proximately caused by such a breach. 
Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998).  Johnson alleges in her pleadings that she
suffered physical and mental pain as result of TRF=s actions.  

Mental anguish damages require Aa high degree of
mental pain and distress@ that is Amore than mere
worry, anxiety, vexation, embarrassment, or anger.@  Parkway Co. v. Woodruff, 901 S.W.2d
434, 444 (Tex. 1995) (citation omitted). 
A plaintiff is required to introduce direct evidence of the nature,
duration, and severity of his mental anguish, which works to establish a
substantial disruption in the plaintiffs= daily
routine.  Id.  However, a plaintiff=s statement that
she has Asuffered mental
anguish does not constitute evidence of the nature, duration, and severity of
any mental anguish that is sufficient to show a substantial disruption of one=s daily routine.@  Gunn Infiniti, Inc. v. O=Byrne, 996 S.W.2d 854,
861 (Tex. 1999).  








In support of her damages for mental
anguish, Johnson stated in an affidavit that she was Aextremely
emotionally upset by this unexpected phone call@ in which she
learned that her daughter=s dura mater tissue had been
harvested.  Her statement contains no
details of the nature, duration, and severity of her alleged mental
anguish.  Accordingly, Johnson=s statement is not
evidence of mental anguish.  Moreover,
Johnson=s affidavit makes
no mention of her alleged physical pain and she has not otherwise produced any
evidence of physical pain.  

The trial court had multiple valid grounds
for granting summary judgment C the appellant
could not sue under the Medical Liability Act; common law negligence was barred
by limitations; and appellant produced no evidence of damages.  Thus, we need not address the other possible
grounds raised in TRF=s motion for summary judgment.[1]   The judgment of the trial court is affirmed.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed December 2, 2004.

Panel consists
of Justices Anderson, Hudson, and Frost.











[1]  TRF also moved
for traditional summary judgment on the grounds that (1) it could not have
acted negligently because it did not remove tissue from Johnson=s daughter=s
corpse; and (2) Johnson=s negligence claim was an impermissible attempt to
recover damages through the generally unrecognized tort of negligent infliction
of emotional distress.