# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2013

No. 10-50612

Lyle W. Cayce
Clerk

USPPS, LTD.,

Plaintiff–Appellant

v.

AVERY DENNISON CORPORATION; RENNER, OTTO, BOISELLE &
SKLAR, L.L.P.; NEIL DUCHEZ, Individually,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-963

Before DAVIS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

The Fifth Circuit transferred this case to the Federal Circuit, which rendered an opinion on the merits. The Supreme Court of the United States vacated the Federal Circuit's opinion, after which the Federal Circuit transferred the case back to the Fifth Circuit. We adopt the Federal Circuit's reasoning and affirm the district court's grant of summary judgment in favor of the defendants because the plaintiff's claim was untimely.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50612

# I. FACTUAL HISTORY

In 1999, Joe Pat Beasley ("Beasley") filed a patent application with the United States Patent and Trademark Office ("PTO") for personalized postage stamps. While it was pending, he negotiated a licensing contract with Avery Dennison Corporation ("Avery"). In March 2001, the PTO issued a notice of allowance on Beasley's patent application, pending payment of the required fees. Thereafter, Avery agreed to assume responsibility for prosecuting Beasley's application and paying the required fees. Beasley subsequently appointed attorneys from Avery's law firm, Renner, Otto, Boiselle & Sklar, L.L.P. ("Renner"), to act on his behalf. At some point, Beasley transferred his interest to USPPS, a company he had formed presumably for that purpose.

Renner, acting pursuant to Beasley's power of attorney, later discovered relevant prior art that had not been disclosed to the PTO, and filed a supplemental information disclosure with the PTO. Then, Avery and USPPS entered into an agreement under which Avery would market and sell USPPS's stamps and pay royalties to USPPS. In the fall of 2002, the PTO issued a final rejection of Beasley's application. Subsequently, Avery notified USPPS that, after the royalty agreement between USPPS and Avery expired, Avery intended to sell personalized stamps independently.

# II. PROCEDURAL HISTORY

In September 2004, Beasley brought suit against Avery and Renner, alleging negligence, breach of fiduciary duty, and fraud. The district court dismissed his claims, finding that Beasley lacked standing to sue because he had transferred title to the patent applications to USPPS. He appealed to the Fifth Circuit, but his appeal was dismissed for want of prosecution. *Beasley v. Avery Dennison Corp.*, No. 07-51311, 2008 U.S. App. LEXIS 28075, at *1 (5th Cir. Feb. 7, 2008).

No. 10-50612

On November 27, 2007, plaintiff–appellant USPPS filed suit against Avery, Renner, and DuChez, an attorney at Renner (collectively "the defendants"), alleging breach of fiduciary duty and fraud. Specifically, USPPS alleged that Avery made representations that "Beasley as owner of the patent was the client of [Renner] with regard to the prosecution of his patent," and that the defendants failed to inform "USPPS that Avery Dennison (not [] Beasley or USPPS) was the client." *USPPS, Ltd. v. Avery Dennison Corp*, SA-07-CA-963-FB, 2008 WL 7984968, at *3 (W.D. Tex. May 30, 2008) *rev'd and remanded sub nom. USPPS, Ltd. v. Avery Dennison Corp.*, 326 F. App'x 842 (5th Cir. 2009).

The parties to this original case and the district court proceeded under the assumption that diversity jurisdiction provided the only basis for federal jurisdiction. Plaintiff USPPS is a Texas limited partnership whose principal place of business is San Antonio, Texas. Defendant Avery is incorporated under the laws of Delaware and has its principal place of business in California. Defendant Renner is organized under Ohio law and has its principal place of business in Ohio. Defendant DuChez is an Ohio lawyer with Renner, and does not maintain regular practice in Texas. Thus, the plaintiff and defendants are citizens of different states. The amount in controversy exceeds $75,000, making diversity jurisdiction proper. *See* 28 U.S.C. § 1332(a).

In May 2008, the district court dismissed USPPS's complaint as barred by the applicable four-year statute of limitations. *Id.* at *12. On appeal, however, a panel of this court reversed and remanded for further factual development on the issue of whether the discovery rule or fraudulent-concealment doctrine might delay the accrual of the claims. *USPPS, Ltd. v. Avery Dennison Corp.*, 326 F. App'x 842, 851 (5th Cir. 2009) ("[W]e cannot definitively say that the discovery rule and fraudulent-concealment exceptions do not postpone the date of accrual

3

No. 10-50612

until April 2004, when USPPS learned of the potential connection between the failed patent applications and defendants' alleged conflict of interest.").

On remand, the district court, adopting the report and recommendations of the magistrate judge, granted summary judgment. *USPPS, Ltd. v. Avery Dennison Corp.*, SA-Q7-CA-963-FB, 2010 WL 2802529, at *2 (W.D. Tex. June 4, 2010), *aff'd*, 676 F.3d 1341 (Fed. Cir. 2012) *cert. granted*, *judgment vacated*, 133 S. Ct. 1794 (2013). The district court found that neither the discovery rule nor the fraudulent-concealment doctrine delayed the claims' accrual, and that there were no genuine issues of material fact on the causation element of USPPS's claims for fraud and breach of fiduciary duty. *Id.* at 1–2.

USPPS again appealed to this court. Our Court issued an opinion transferring the case to the Federal Circuit. *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 284 (5th Cir. 2011). Our Court, in transferring the case, noted that the Federal Circuit has exclusive jurisdiction of an appeal where the district court's jurisdiction was based, in whole or in part, on 28 U.S.C. § 1338, which vests exclusive jurisdiction in patent cases to the district court. *Id.* at 277. Because USPPS could not prove causation without proving the patentability of its invention, the Fifth Circuit determined that federal patent law was a necessary element of its claims. *Id.* at 280. In essence, because patent law was necessary to resolve USPPS's state claims, that necessity was sufficient for the Federal Circuit's jurisdiction to be exclusive. *Id.* at 282.

The Federal Circuit, finding the transfer plausible, reached the merits and held that the district court correctly determined that USPPS's complaint was untimely because neither the discovery rule nor the fraudulent-concealment doctrine served to delay the accrual of USPPS's claim. *USPPS, Ltd. v. Avery Dennison Corp.*, 676 F.3d 1341, 1346–49 (Fed. Cir. 2012) *cert. granted*, *judgment vacated*, 133 S. Ct. 1794 (2013). Soon after the Federal Circuit's decision, the Supreme Court issued *Gunn v. Minton*, 133 S. Ct. 1059 (2013). In *Gunn*, the

No. 10-50612

plaintiff brought a malpractice action in state court based on the theory that his lawyer's failure to raise a particular argument had resulted in summary judgment based on the invalidity of his patent. *Id.* at 1062–63. After the state court granted summary judgment for the defendants, the plaintiff appealed. *Id.* at 1063. He argued that, because his legal malpractice claim was based on an alleged error in a patent case, the federal courts had exclusive jurisdiction. *Id.* because his claim arose under federal patent law for purposes of 28 U.S.C. § 1338, the plaintiff argued that the state court did not have jurisdiction and his unfavorable decision should be vacated and dismissed.[1] *Id.*

The Texas Court of Appeals rejected the plaintiff's argument, holding that the federal interests of his state law claim were not sufficiently substantial to trigger § 1338 "arising under" jurisdiction. *Id.* The Supreme Court of Texas reversed, holding that his claim involved a substantial federal issue because the success of his state claim relied on the viability of a patent law exception. *Id.* The U.S. Supreme Court reversed, stating that rarely, if ever, will state legal malpractice claims based on underlying patent matters "arise under" federal patent law for purposes of § 1338. *Id.* at 1065. The Supreme Court counseled that just because patent law was necessary to resolving a state law issue, it did not necessarily follow that there was exclusive federal jurisdiction. *Id.* at 1065–66. Specifically, although resolving a patent law question was necessary to resolving the underlying state case, the federal issue was not substantial "to the federal system as a whole." *Id.* at 1066. Thus, the state court had jurisdiction to decide the merits. *Id.* at 1068.

---

[1] *Gunn* makes clear that "arising under" is interpreted identically in the § 1331 federal question jurisdiction context and the § 1338 patent jurisdiction context, except that for cases falling within the patent-specific arising under jurisdiction of § 1338, Congress eliminated state jurisdiction. *Gunn*, 133 S. Ct. at 1065.

No. 10-50612

The United States Supreme Court then granted certiorari in the present case in order to vacate and remand this case to the Federal Circuit for further consideration in light of *Gunn*. *USPPS, Ltd. v. Avery Dennison Corp.*, 133 S. Ct. 1794 (2013). On remand, the Federal Circuit ordered the parties to show cause why, in light of *Gunn*, the case should not be returned to the Fifth Circuit, and warned that "[f]ailure to respond to [the] order will be understood to be a concession that it is appropriate to return the case" to the Fifth Circuit. No party argued that a transfer was inappropriate. The Federal Circuit then transferred the appeal back to our court, without written opinion.

### III. JURISDICTION

We asked the parties to provide supplemental briefing on whether, in light of *Gunn*, this Circuit has jurisdiction, or whether exclusive appellate jurisdiction rested in the Federal Circuit under 28 U.S.C. §§ 1295(a) and 1338(a). The parties agree that, after *Gunn*, the Federal Circuit does not have exclusive jurisdiction in the case. We agree. The state law claims asserted by USPPS do not arise under federal patent law so there is no exclusive appellate jurisdiction in the Federal Circuit under 28 U.S.C. § 1295. The only substantive difference between this case and *Gunn* is that USPPS's state law claims are for fraud and breach of fiduciary duty, not malpractice. That distinction does not command a different outcome than *Gunn*'s because it does not cause the underlying hypothetical patent issues to be of substantial importance to the federal system as a whole, as required for exclusive federal jurisdiction under *Gunn*. The hypothetical patent issues between the parties to this case are fact-specific and of no importance to the federal system. As discussed above, the Fifth Circuit nonetheless retains jurisdiction because USPPS filed suit on the basis of diversity jurisdiction. 28 U.S.C. §§ 1291, 1332(a).

No. 10-50612

## IV. TIMELINESS

Having affirmed that this Court has jurisdiction over the dispute, we now address the merits of the suit. The Federal Circuit, in its now-vacated opinion, held that the district court correctly determined that USPSS's complaint was untimely. After conducting an independent inquiry of the record, we affirm the judgment of the district court. USPPS filed suit more than four years after the injury occurred, and neither of Texas's two exceptions to the rule that the statute of limitations begins to run when a legal injury occur—the discovery rule and the fraudulent- concealment doctrine—applied. Although the opinion has since been vacated, we are persuaded by its reasoning with regard to the timeliness issue and hold that the district court correctly determined that USPPS's complaint was untimely.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment for defendants. We DENY plaintiff–appellant's opposed motion requesting a second oral argument.